**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

| | | |
|---|---|---|
| RAYMOND SCHMIDLIN, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RAYMOND JAMES FINANCIAL, INC., et al.,<br><br>Defendants. | ) | No. 24-CV-2041-KKM-CPT (Consolidated) |

**STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED AND AGREED, among and by the parties to the above-captioned action ("Action"), through their undersigned counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, and upon the parties' Joint Motion to Enter a Stipulated Protective Order, it is hereby ordered by the Court, that:

1. This Stipulated Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order" or "Order") shall govern the handling of documents, electronically stored information, deposition testimony, deposition transcripts, deposition exhibits, written discovery requests, interrogatory

responses, responses to requests for admissions, responses to requests for production of documents and electronically stored information, and all other information produced by or between the parties in this Action or by third parties in connection with the Action (whether formal or informal), including any information contained therein or derived therefrom ("Discovery Material").

2. As used herein:

(a) "Confidential Information" means material that is furnished by a Producing Party in conjunction with this Action, which is not public, that the Producing Party in good faith and reasonably believes to constitute a trade secret or other confidential research, development, commercial, or private financial information, tax data, business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, records restricted or prohibited from disclosure by federal, state, or foreign data protection laws or other privacy obligations, non-

public personnel data of the Producing Party or its employees, or other commercially sensitive information the disclosure of which the Producing Party reasonably believes would cause it commercial or personal harm, and that is designated as Confidential pursuant to this Order. The parties agree that the following categories of information shall not be designated or treated as "Confidential" under this Order: (i) information that is publicly available or that becomes publicly available through no fault of the Receiving Party; (ii) information that is already in the Receiving Party's possession prior to disclosure by the Producing Party, provided such possession was lawful and not subject to any confidentiality restriction; (iii) information independently developed by the Receiving Party without reference to any material designated as Confidential; and (iv) information that the Producing Party has affirmatively disclosed to any third party without imposing a confidentiality obligation.

(b) "Counsel" means outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified here: Bernstein Litowitz Berger & Grossmann LLP, Rosca Scarlato LLC, Williams Dirks Dameron

LLC, Berger Montague PC, Simmons Hanly Conroy LLP, Oakes & Fosher, LLC, Foley & Lardner LLP, Davis Polk & Wardwell LLP, and Faegre Drinker Biddle & Reath LLP. "Counsel" also includes in-house attorneys for Raymond James Financial, Inc., Raymond James & Associates, Inc., Raymond James Financial Services Advisors, Inc., Raymond James Financial Services, Inc., and Raymond James Trust Company of New Hampshire and any paralegals, secretaries, and other support staff supporting those attorneys.

(c) "Designating Party" means a party or any third party that designates Discovery Material that it produces in disclosures or in response to discovery requests or subpoenas, or that arises in depositions as Confidential Information.

(d) "Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in connection

with any discovery in this Action, whether formally or informally and whether produced by the parties or any third party.

(e) "Producing Party" shall mean the parties to this Action and any third parties producing "Confidential Information" in connection with depositions, document production, or otherwise, or the party asserting confidentiality protection.

(f) "Receiving Party" shall mean the party to this Action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, or otherwise.

3. Except as otherwise provided in this Order, Discovery Material that qualifies for protection under this Order must be clearly designated as Confidential Information before it is disclosed or produced. Designation as Confidential Information requires the following:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), including image files and extracted text produced with electronically stored information, the Producing Party must affix the legend (i.e., "CONFIDENTIAL") on each page that contains Confidential Information. In the case of Discovery Material that is produced in native form, the Producing Party shall designate the Discovery

Material as Confidential Information by (i) placing the legend "CONFIDENTIAL" on a TIFF placeholder image bearing the production number of the document, (ii) including the legend "CONFIDENTIAL" in the file name, or (iii) including the legend "CONFIDENTIAL" in a metadata field of a database load file.

(b) For testimony given in deposition, designation of such testimony as Confidential Information must be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice, sent to all Parties within 15 calendar days of the receipt of the final transcript designating the entire transcript or portions thereof, provided that only those portions of the transcript designated as Confidential Information shall be deemed Confidential Information. If a deposition or a portion of a deposition is designated during the deposition, upon notice by the Designating Party, persons not entitled to receive the information shall be excluded from the portion of the deposition so designated.

(c) For testimony given in proceedings before the Court, the Party or non-party desiring to designate any material as Confidential

shall be responsible for seeking sealing of such information in accordance with the Court's procedures.

(d) For information produced in some form other than documentary evidence, the Producing Party must affix the legend in a prominent place on the exterior of the item, or the container or containers in which the item is stored. If only portions of the item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions with the legend, and shall otherwise notify the Receiving Party in writing of the portions of the item warranting protection.

(e) In the case of any other Discovery Material, the Producing Party must provide written notice that the Discovery Material constitutes Confidential Information, as applicable.

4. Notwithstanding any other provision of this Order, all Confidential Information shall be used solely for the purpose of this Action. Unless otherwise agreed to by the Producing Party, no person receiving such Confidential Information may use, transfer, disclose, or communicate in any way the Confidential Information to any person not subject to this Order.

5. The receipt of Confidential Information by persons or entities as defined in Paragraph 6(e) below shall not prevent such person or entity from serving as an expert or consultant in connection with the Action.

6. Confidential Information may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in accordance with this Order:

(a) the parties, and their directors, officers, managers, and employees or affiliates who are assisting with or making decisions concerning this Action, to the extent deemed reasonably necessary by Counsel of record for the purpose of assisting in the prosecution or defense of this Action;

(b) Counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are assisting such Counsel in the preparation of this Action for trial or other proceedings in this Action, and are under the supervision or control of such Counsel;

(c) outside vendors or service providers (such as court reporters, video operators, their staff, copy-service providers, document-management consultants, graphic production services, mock jurors, and jury consultants, or other litigation support services)

that Counsel hire and assign to this Action, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any agreed-upon or ordered mediator and that mediator's personnel for this Action, provided, however, that such mediator first review this Protective Order and execute the Declaration and Agreement to Protect Confidential Information (hereinafter, "Exhibit A") before such Confidential Information is furnished, shown or disclosed;

(e) expert witnesses or consultants retained by the parties or their Counsel to furnish technical or expert opinions, services, or assistance in connection with this Action, or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceedings in this Action, and partners, associates, paralegals, secretaries, clerical, employees, and service vendors of such experts or consultants (including outside copying services and outside support services), provided, however, that such witnesses or consultants first review this Protective Order and execute Exhibit A before such Confidential Information is furnished, shown or disclosed;

(f) the Court, court personnel, and the jury in this Action;

(g) any individual who is an author or recipient (including those referenced as "cc" or "bcc" recipients on a document (collectively, "cc's"), any person indicated as the custodian of the document in corresponding metadata or as confirmed by the Producing Party, or, in the case of meeting minutes and presentations, an attendee of the meeting) of the Confidential Information or who had access to such Confidential Information in the normal or authorized course of business;

(h) any officer before whom a deposition or court hearing or proceeding is taken in this Action, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer;

(i) witnesses who Counsel for a party in good faith believes may be called to testify at trial or deposition, noticed or subpoenaed deponents, and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, provided, however, that, for witnesses who are not current employees of Defendants, such witnesses or consultants first review this

Protective Order and execute Exhibit A before such Confidential Information is furnished, shown or disclosed; or

(j) any other person agreed to by the parties.

7. Notwithstanding Paragraph 6(e), Confidential Information may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist Counsel in this Action, provided that such expert or consultant (i) is not currently an employee of (aside from expert services provided in connection with this Action) any Party or any known Competitor (as defined below) or potential transaction counterparty of the Producing Party designating the Confidential Information, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential Information pursuant to the terms of this Order; and further provided that such expert or consultant agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto. Under no circumstances shall an expert or consultant who is a Competitor or an employee of a Competitor of the Producing Party be provided access to Confidential Information absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities engaged in the same or similar lines of business as the Producing Party. Notwithstanding the foregoing, a Producing Party (a) may not exploit the foregoing restrictions on providing Confidential Information to a Competitor or an employee

of a Competitor to unreasonably hinder an opposing party's choice of experts or consultants; and (b) may not waive the foregoing restrictions on providing Confidential Information to a Competitor or an employee of a Competitor to advantage itself in the selection of experts or consultants while simultaneously enforcing such restrictions against an opposing party.

8. Counsel for the Party showing Confidential Information to any person required to execute an undertaking pursuant to Paragraph 6 shall be responsible for obtaining and retaining such signed undertaking before the provision of such Confidential Information to such person.

9. Inadvertent failure to designate Discovery Material as Confidential Information shall not constitute a waiver of such claim and may be corrected promptly upon discovery of such failure. Any document or information that may contain Confidential Information that has been inadvertently produced without identification of its confidential nature shall be designated by the Producing Party by written notice to counsel for the Receiving Parties identifying the document or information as "Confidential" within 5 days following discovery that the document or information has been produced without such designation. All parties are obligated to make a good faith effort to accurately designate all Discovery Material in the first instance, but a party shall not be required to prove inadvertence as part of any correction of any errors in designation. The Designating Party shall mark and

replace previously supplied Discovery Material. Upon receiving notice of the inadvertent failure to designate, the Parties shall thereafter treat the Discovery Material so designated as Confidential Information and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward. Any party receiving such improperly designated documents shall use its best efforts to retrieve all copies of such documents and ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Information. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as Confidential Information shall exercise its best efforts to ensure (i) the return or destruction of such Discovery Material by any person not authorized to receive the Confidential Information under the terms of this Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential Information when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 4 of this Order.

10. Every person to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made

available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Information, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Order and notify the non-Party that the protections of this Order are available to such non-Party.

11. With respect to objections to designations of documents and information as "Confidential," a party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a dispute arises concerning this Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within 10 days, the party challenging the propriety of the designation may seek appropriate relief from the Court. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the information that is the subject of the motion in accordance with the Producing Party's designation. A party may use Confidential Information in connection with any challenge by describing it generally and in a manner that does not disclose the Confidential Information, and by filing it (and any brief(s) referring to it) under seal with the Court. The Producing Party shall at all times carry the initial

burden of establishing that the contested information merits designation as Confidential Information.

12. A Receiving Party who seeks to file with the Court any document that contains information previously designated as comprising or containing Confidential Information shall follow the procedures of this Court for filing documents conditionally under seal. *See* Middle District Discovery Handbook (Feb. 1, 2021), §§ I.C.2, VII.B; M.D. Fla. L.R. 1.11.

13. In the event that the Receiving Party is required by law such as through a subpoena or court order to disclose any Confidential Information, the Receiving Party shall provide the Producing Party with prompt written notice of any such requirement—but in no event more than 5 business days' notice from the time of receipt—to enable the Producing Party to seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order, provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy. If the Producing Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order was issued, unless the party has obtained the Producing Party's permission.

14. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed or produced in the course of disclosure. The production of privileged or work-product protected documents or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). In the event that a party asserts that it failed to designate any production materials or other information as privileged or work-product materials, it shall promptly notify all parties to whom such privileged material was produced or disclosed of the Producing Party's intent to assert a claim of privilege or work product over such materials or information. Upon such notice, if the Receiving Party intends to challenge the designation of the document(s) or information as privileged material, it shall promptly sequester all copies of the document(s), pending court resolution of the challenge. Following notice by the Producing Party, the Receiving Party: (i) must not use or disclose the privileged material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged material if the Receiving Party disclosed it before being notified. The Receiving Party must follow the same steps as set forth in Paragraph 11 for the procedure to challenge the designation.

15. This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing

herein shall: (i) prevent a Producing Party from disclosing its own Confidential Information if otherwise permissible; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Information obtained lawfully by such person independently of the discovery proceedings in this Action, and not otherwise subject to confidentiality restrictions.

16. In the event additional parties join or are joined in this Action, they shall not have access to Confidential Information until the newly joined party by its counsel has executed and filed with the Court its agreement to be bound fully by this Order.

17. Within sixty (60) days after entry of an order, judgment, or decree finally disposing of this Action, including the exhaustion of all possible appeals, all Confidential Information produced or designated and all reproductions thereof shall be destroyed. Upon the request of another party in this Action, a party shall certify in writing that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. However, Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and exhibits, and litigation files (including attorney work product and discovery material) provided that such Counsel, and employees of such Counsel, shall maintain the confidentiality thereof.

18. This Protective Order is entered into without prejudice to the right of any party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of Confidential Information as inappropriate under applicable law.

19. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

20. This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

Dated: March 2, 2026

*/s/ Matthew L. Dameron*
**WILLIAMS DIRKS DAMERON LLC**
Matthew L. Dameron
(Admitted *pro hac vice*)
Clinton J. Mann
(Admitted *pro hac vice*)
Claire M. Terrebonne
(Admitted *pro hac vice*)
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7110
Facsimile: (816) 945-7118
matt@williamsdirks.com
cmann@williamsdirks.com
cterrebonne@williamsdirks.com

*/s/ Brian S. Weinstein*
Michael P. Matthews (FBN: 63988)
**FOLEY & LARDNER LLP**
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Telephone: (813) 229-2300 Facsimile: (813) 221-4210
Primary Email: mmatthews@foley.com
Secondary Email: dguillen@foley.com

Brian S. Weinstein
(Lead Counsel)
(Admitted *pro hac vice*)
Nicholas D'Angelo
(Admitted *pro hac vice*)

**ROSCA SCARLATO LLC**
Alan L. Rosca, Esq. (OH 84100)
(Admitted *pro hac vice*)
3401 Enterprise Parkway, Suite 340-311
Beachwood, OH 44122
Telephone: (216) 946-7070
arosca@rscounsel.law

Paul J. Scarlato, Esq. (PA 47155)
(Admitted *pro hac vice*)
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
1025
Conshohocken, PA 19428
Telephone: (216) 946-7070
pscarlato@rscounsel.law

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John Rizio-Hamilton
(Admitted *pro hac vice*)
Adam Wierzbowski
(Admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
johnr@blbglaw.com
adam@blbglaw.com

*Court-Appointed Interim Class Counsel for Plaintiffs and the Proposed Class*

Adam M. Greene
(Admitted *pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
brian.weinstein@davispolk.com
nicholas.dangelo@davispolk.com
adam.greene@davispolk.com

Jonathan K. Chang
(Admitted *pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Jonathan.chang@davispolk.com

Traci T. McKee (FBN: 53088)
**FAEGRE DRINKER BIDDLE & REATH LLP**
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Telephone: (239) 286-6900 Facsimile: (239) 244-9053
traci.mckee@faegredrinker.com

*Counsel for Defendants Raymond James Financial, Inc., Raymond James & Associates, Inc., Raymond James Financial Services Advisors, Inc., Raymond James Financial Services, Inc., and Raymond James Trust Company of New Hampshire*

**SO ORDERED.**

Dated: March __, 2026

______________________________________
United States [District Court/Magistrate] Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

| | | |
|---|---|---|
| RAYMOND SCHMIDLIN, et al., individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 24-CV-2041-KKM-CPT (Consolidated) |
| RAYMOND JAMES FINANCIAL, INC., et al., | ) | |
| Defendants. | ) | |

**DECLARATION AND AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

I, ______________________________________________________, state that:

My address is ________________________________________________________.

My present employer is _______________________________________________.

My present occupation or job description is ________________________________.

I have received a copy of the Stipulated Protective Order Governing the Production and Exchange of Confidential Information (the "**Protective Order**") entered in the above-entitled Action.

I have carefully read and understand the provisions of the Protective Order.

I will comply with and agree to be bound by all of the provisions of the Protective Order.

I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action, any Confidential Information that is disclosed to me. At the conclusion of the litigation, I will either return all Confidential Information to the party or attorney from whom I received it who shall return it to the Producing Party, or upon permission of the Producing Party, destroy such Confidential Information.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ______________________ ____________________________

(Date) (Signature)