**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RAYMOND SCHMIDLIN, JULIET SCHMIDLIN, TONI CONRAN, and CYNTHIA LAUBE, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

RAYMOND JAMES FINANCIAL INC., RAYMOND JAMES & ASSOCIATES, INC., RAYMOND JAMES FINANCIAL SERVICES, INC., RAYMOND JAMES FINANCIAL SERVICES ADVISORS, INC., and RAYMOND JAMES TRUST COMPANY OF NEW HAMPSHIRE,

Defendants.

Case No. 8:24-CV-02041-KKM-CPT

(Consolidated)

**DEFENDANTS' ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Raymond James Financial Inc., Raymond James & Associates, Inc., Raymond James Financial Services, Inc., Raymond James Financial Services, Advisors, Inc., and Raymond James Trust Company of New Hampshire, (collectively, "Defendants") by their undersigned counsel, hereby submit their answer and affirmative and other defenses ("Answer") to the Amended Consolidated Class Action Complaint (the "Complaint") (Dkt. 150) filed by Plaintiffs in the above-referenced action (the "Action").

On March 27, 2026, the Court entered an order granting in part and denying in part Defendants' motion to dismiss the Complaint (the "March 27, 2026 Order"). (Dkt. 149.) The March 27, 2026 Order dismissed Plaintiffs' claims for breach of fiduciary duty and unjust enrichment, held that Plaintiffs may not recover damages from outside the relevant statute of limitations period, held that Plaintiffs' claim for breach of contract premised upon a "reasonable rate of interest" theory may only be asserted on behalf of customers in the RJBDP- RJ Bank Only version of the cash sweep program, and required Plaintiffs to file an amended complaint that separated its breach of contract claim into two claims: one for its "prevailing economic and business conditions" theory and one for its "reasonable rate of interest" theory. Nothing in this Answer shall be construed inconsistently with the March 27, 2026 Order.

This Answer is based upon Defendants' investigation to date, and they reserve the right to amend this Answer as their investigation continues and during the course of the litigation. Except as to those allegations that Defendants expressly admit below or those as to which Defendants lack knowledge or information sufficient to form a belief as to their truth, Defendants deny each and every allegation contained in the Complaint, including, without limitation, any footnotes, headings and subheadings, tables and figures contained therein. Defendants deny liability to Plaintiff and the putative class, that Plaintiff or the putative class has suffered any legally cognizable damages for which Defendants are responsible, or that Plaintiff or the putative class is entitled to any relief whatsoever. Pursuant to Rule 8(b)(6) of the

Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied.

No response is required to the table of contents in the Complaint. To the extent any response is required, deny.

1. Deny.

2. Deny.

3. This Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, denies the allegations.

4. Deny.

5. Deny, except admit the allegations contained in footnote 2.

6. Deny.

7. Deny, except admit the yield on short-term U.S. Treasury bills exceeded 5.25% for portions of 2023 and 2024.

8. Deny.

9. Lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 9 and denies them on that basis.

10. To the extent that the allegations purport to state a conclusion of law, no response is required. To the extent a response is required, denies the allegations.

11. Deny, except admit that: Raymond James Financial, Inc. ("RJF") is a financial services firm based in the U.S.; that RJF is a holding company that conducts business through its subsidiaries, including Defendants RJA, RJFS, RJFSA, and RJ Trust, and non-parties RJ Bank and TriState Bank; that RJF is a

Florida corporation with its headquarters in this District at 880 Carillon Parkway, St. Petersburg, Florida; and that RJF, "together with its subsidiaries, is engaged in various financial services activities, including providing investment management services to retail and institutional clients[.]"

12. Admit.

13. Admit.

14. Deny, except admit that Raymond James Financial Services Advisors, Inc. is a registered investment advisor with the SEC and is a Florida corporation with its principal place of business within this district.

15. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny, except admit: that Defendant Raymond James Trust Company of New Hampshire ("RJ Trust"), established in 2021, is a wholly owned subsidiary of RJF and acts as custodian, in partnership with financial advisors, for all Raymond James individual retirement accounts ("IRAs"); that RJ Trust is a nationally chartered trust company, chartered by the Office of the Comptroller of the Currency; and that for all IRAs, RJ Trust acts as the custodian and RJA as the sub-custodian.

16. No response is required to this paragraph because it is definitional in nature.

17. Deny, except admit that Raymond Schmidlin maintained a SEP IRA account; that RJ Trust served as the custodian and Raymond James & Associates, Inc. ("RJA") served as the sub-custodian for his account; that he purported to be a

resident and citizen of Ohio at the time of account opening; and that cash balances in this account were swept into the Cash Sweep Program during the period when the account was open.

18. Deny, except admit that Juliet Schmidlin maintained a traditional IRA account; that RJ Trust served as the custodian and RJA served as the sub-custodian for Juliet Schmidlin's accounts; that she purported to be a resident and citizen of Ohio at the time of account opening; and that cash balances held in these accounts were swept into the Cash Sweep Program during the period when the accounts were open.

19. Deny, except admit Toni Conran maintained a traditional IRA account with RJFS; that RJ Trust served as the custodian of this account; that the Conran Family Trust maintained a retail brokerage account with RJFS; that Ms. Conran opened both accounts in 2016 and closed them both in 2024; that she purported to be the Trustee of the Conran Family Trust and a resident and citizen of Florida at the time of account opening; and that cash balances held in these accounts were swept into the Cash Sweep Program during the period when the accounts were open.

20. Deny, except admit that Cynthia Laube maintained a traditional IRA account with RJFS; that RJ Trust served as the custodian for her account; that she purported to be a resident and citizen of Minnesota at the time of account opening; and that cash balances held in this account were swept into the Cash Sweep Program during the period when the account was open.

21. Deny, except admit that RJ Bank is a bank chartered in the State of Florida and is a bank subsidiary of RJF.

22. Admit.

23. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny, except admit the Court has subject matter jurisdiction over this matter.

24. This paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny, except admit that this Court has personal jurisdiction over RJF, that RJF maintains its principal place of business and headquarters at 880 Carillon Parkway, St. Petersburg, Florida, and that its wholly owned subsidiaries RJA and RJFS also transact business in Florida.

25. This paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny, except admit that venue is proper in this District, and RJF, RJA, RJFS, and RJFSA maintain their headquarters in this District.

26. Deny, except admit that Raymond James offers the Bank Deposit Program, which includes two versions, one that has the affiliated RJ Bank as the only bank option (referred to as "RJBDP-RJ Bank Only") and another that allows the customer to choose from a list of other participating banks, and that the RJBDP pays the same rate of interest across all participating banks, whether affiliated or not.

27. Admit.

28. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

29. Deny, except admit that Defendants provide customers a Master Client Agreement, which is a binding agreement that governs aspects of the relationship between Defendants and their customers, including Plaintiffs, and which provides a website link to important disclosures about the Cash Sweep Program, including those contained in documents titled "Important Client Information" and "Important Information And Disclosures About Your Raymond James Account" (together with the RJ Master Client Agreement, "Program Agreement").

30. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

31. Admit.

32. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

33. Deny, except admit that the RJA-affiliated Participating Banks pay RJA an administrative fee of up to $100 per account in addition to a percentage of the swept cash.

34. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

35. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

36. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

37. Deny.

38. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this

paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied, except admit that Raymond James previously offered money market fund sweep options to customers.

39. Deny, except states that the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph, and admit that as of September 30, 2024, the total domestic client cash sweep balances in the Raymond James Cash Sweep Program were $42.2 billion.

40. Deny, except states that the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph.

41. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

42. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this

paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

43. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

44. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

45. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

46. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied, except admit that, as of the end of the fiscal quarter ending

September 30, 2018, the balance in the RJBDP was reported at $35.010 billion, with $19.446 billion held at RJ Bank, and $15.564 held at third party banks.

47. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied, except admit that as of the fiscal quarter ending September 30, 2019, the balance in the RJBDP was reported at $35.692 billion, with $21.649 billion held at RJ Bank, and $14.043 held at third party banks.

48. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied, except admit that as of the fiscal quarter ending September 30, 2020, the balance in the RJBDP was reported at $55.597 billion, with $25.599 billion held at RJ Bank, and $25.998 held at third party banks.

49. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied, except admit that as of the end of the fiscal quarter ending

September 30, 2021, the balance in the RJBDP was reported at $55.906 billion, with $31.410 billion held at RJ Bank, and $24.496 held at third party banks.

50. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied, except admit that as of the end of the fiscal quarter ending September 30, 2022, the balance in the RJBDP was reported at $60.669 billion, with $38.705 billion held at Raymond James Bank segment and $24.496 held at third party banks.

51. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied, except admit that as of the fiscal quarter ending September 30, 2023, the balance in the RJBDP was reported at $41.213 billion, with $25.355 billion held at Raymond James Bank segment, and $15.858 billion held at third party banks.

52. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied, except admit that as of the end of the fiscal quarter ending

September 30, 2024, the balance in the RJBDP was reported at $42.204 billion, with $23.978 billion held at Raymond James Bank segment, and $18.226 held at third party banks.

53. The March 27, 2026 Order dismissed Plaintiffs' breach of fiduciary duty claim; therefore, no response is required to the portion of the allegations relating to fiduciary duties. This Paragraph also purports to state legal conclusions, to which no response is required. To the extent a response is required, deny.

54. Deny.

55. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

56. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

57. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, states that the accuracy of any

purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

58. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, deny, except admit that RJA is registered as a registered investment adviser and broker-dealer, and has associated duties under law.

59. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, deny, except admit that RJA and RJFS are registered broker-dealers, that RJA and RJFSA are registered investment advisers, and that each have associated duties under law.

60. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

61. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs'

claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, deny.

62. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, deny.

63. This Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, deny.

64. Deny.

65. Deny.

66. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

67. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, deny.

68. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

69. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, deny.

70. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

71. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

72. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

73. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is

required. Additionally, this Paragraph purports to state legal conclusions, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

74. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

75. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents

purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

76. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

77. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

78. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs'

claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

79. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

80. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

81. The March 27, 2026 Order dismissed Plaintiffs' claim for breach of fiduciary duty and associated theories of liability; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

82. The March 27, 2026 Order dismissed Plaintiffs' claim for breach of fiduciary duty and associated theories of liability; therefore, no response is required. To the extent a response is required, the accuracy of any purported quotation or

citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

83. The March 27, 2026 Order dismissed Plaintiffs' claim for breach of fiduciary duty and associated theories of liability; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

84. The March 27, 2026 Order dismissed Plaintiffs' claim for breach of fiduciary duty and associated theories of liability; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

85. The March 27, 2026 Order dismissed Plaintiffs' claim for breach of fiduciary duty and associated theories of liability; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

86. The March 27, 2026 Order dismissed Plaintiffs' claim for breach of fiduciary duty and associated theories of liability; therefore, no response is required. To the extent a response is required, deny.

87. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this

paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

88. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

89. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

90. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, admit that these contract provisions are designed in part to comply with Section 4975 of the Internal Revenue Code ("IRC"), and that IRC Section 4975 was complied with. Any allegations inconsistent with the foregoing are denied.

91. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents

purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

92. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

93. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

94. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

95. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

96. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

97. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

98. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

99. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

100. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

101. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

102. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs'

claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

103. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

104. Deny.

105. Deny, except admit that the Federal Funds Rate reached a low of 0.08% in 2022 and reached a high of 5.33% in 2024.

106. Deny.

107. Deny.

108. Deny, except states that the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

109. Deny, except admit that accounts with relationship cash balances of less than $100,000 earned up to 0.25% in interest from September 1, 2019 to the present.

110. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

111. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

112. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

113. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

114. Deny.

115. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

116. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this

paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

117. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

118. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

119. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

120. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs'

claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

121. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

122. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

123. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the documents purportedly quoted in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

124. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of

the documents purportedly quoted in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

125. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

126. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

127. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

128. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

129. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

130. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

131. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

132. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, admit that Defendants benefit from the Cash Sweep Program as disclosed in the Master Client Agreement, Important Client Information, and other relevant disclosures; deny any allegation that is

inconsistent with or an incomplete recitation or characterization of the text of those disclosures; deny the remainder of the paragraph.

133. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

134. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

135. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. Additionally, this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

136. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

137. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

138. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

139. Deny.

140. Deny.

141. Deny knowledge or information sufficient to form a belief as to allegations concerning brokerages other than Raymond James. The remainder of the allegations in this Paragraph are denied.

142. Deny knowledge or information sufficient to form a belief as to allegations concerning brokerages other than Raymond James. The remainder of the allegations in this Paragraph are denied.

143. Deny knowledge or information sufficient to form a belief as to allegations concerning brokerages other than Raymond James. The remainder of the allegations in this Paragraph are denied.

144. Deny knowledge or information sufficient to form a belief as to allegations concerning brokerages other than Raymond James. The remainder of this paragraph is denied.

145. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

146. Deny knowledge or information sufficient to form a belief as to allegations concerning brokerages other than Raymond James. The remainder of this paragraph is denied.

147. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

148. Deny knowledge or information sufficient to form a belief as to allegations concerning brokerages other than Raymond James. The remainder of the allegations in this paragraph are denied.

149. Deny knowledge or information sufficient to form a belief as to allegations concerning brokerages other than Raymond James. The remainder of the allegations in this paragraph are denied.

150. Deny knowledge or information sufficient to form a belief as to allegations concerning brokerages other than Raymond James. The remainder of the allegations in this paragraph are denied.

151. Deny knowledge or information sufficient to form a belief as to allegations concerning brokerages other than Raymond James. The remainder of the allegations in this paragraph are denied.

152. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

153. The first sentence is denied. As to the remainder of this Paragraph, it purports to state a legal conclusion, to which no response is required. Raymond James further states that this Paragraph also purports to characterize how the Federal Funds Target Rate is calculated based on public information and the accuracy of the characterizations in this Paragraph are denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the authorities purportedly cited in this paragraph. All remaining allegations and any allegations inconsistent with the foregoing are denied, except Raymond James admits that the federal funds market consists of domestic unsecured borrowings by depository institutions from other depository institutions and certain other entities, primarily government-sponsored enterprises, and that the effective Federal Funds Rate is calculated as a volume-weighted median of overnight federal funds transactions, and is tied to the Federal Funds Target Rate, which is the target interest rate range set by the Federal Open Market Committee.

154. Deny, except admit that the effective Federal Funds Rate on August 28, 2024 was 5.33%.

155. Deny.

156. The first sentence is denied. As to the remainder of this paragraph, deny, except admit that U.S. Treasury Bills are securities issued by the U.S. Department of the Treasury with maturities ranging from four to 52 weeks, sold at a discount to their face value, and paid at face value to the investor upon maturity.

157. Deny, except admit that the yield on short term U.S. Treasury Bill was approximately 5.5% in mid-2023.

158. Deny.

159. Deny.

160. Admit that a repurchase agreement is defined under 12 U.S.C. § 5390(a)(8)(D)(v); the accuracy of this allegation is denied to the extent that it is inconsistent with or that it is an incomplete recitation or characterization of 12 U.S.C. § 5390(a)(8)(D)(v); all remaining allegations inconsistent with the foregoing are denied.

161. Deny, except admit that the overnight repo rate in the United States was approximately 4.83% in April 2023 and approximately 5.55% in December 2023.

162. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs' claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

163. To the extent that this allegation relates to Plaintiffs' breach of fiduciary duty and unjust enrichment claims, the March 27, 2026 Order dismissed Plaintiffs'

claims for unjust enrichment and breach of fiduciary duty; therefore, no response is required. To the extent a response is required, deny.

164. Defendants repeat and reincorporate each and every response to the allegations above, as if set forth herein. This Paragraph describes the purported nature of this Action and no response is required. To the extent a response is required, deny, except admit that Plaintiffs seek to certify a class.

165. This Paragraph describes the purported nature of this Action and no response is required. To the extent a response is required, deny, except admit that Plaintiffs seek to certify a subclass.

166. This Paragraph describes Plaintiffs' purported reservation of rights and no response is required. To the extent a response is required, deny, except admit that Plaintiffs seek to certify a class and a subclass.

167. This Paragraph describes the purported nature of this Action and no response is required. To the extent a response is required, deny, except admit that Plaintiffs seek to certify a class and a subclass.

168. This Paragraph describes the purported nature of this Action and no response is required. To the extent a response is required, deny, except admit that Plaintiffs seek to certify a class and a subclass.

169. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, the accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents

purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

170. The first sentence of this Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny, except admit that if a Class or Subclass is certified, members may be notified of the pendency of this action by appropriate methods.

171. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

172. Admit that Raymond James client agreements referenced in the complaint provide that they are governed by the laws of the State of Florida.

173. The accuracy of any purported quotation or citation is denied as to any allegation that is inconsistent with or that is an incomplete recitation or characterization of the text of the documents purportedly quoted or cited in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

174. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

175. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations.

176. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

177. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

178. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

179. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

180. Defendants repeat and reincorporate each and every response to the allegations above, as if set forth herein.

181. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, admit that client agreements referenced in the complaint are binding upon the parties to which they relate.

182. Deny.

183. Deny.

184. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

185. Defendants repeat and reincorporate each and every response to the allegations above, as if set forth herein.

186. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, admit that client agreements referenced in the complaint are binding upon the parties to which they relate.

187. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, denied to the extent inconsistent with applicable law; any remaining allegations are denied.

188. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

189. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

190. Defendants repeat and reincorporate each and every response to the allegations above, as if set forth herein.

191. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

192. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

193. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

194. Defendants repeat and reincorporate each and every response to the allegations above, as if set forth herein.

195. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

196. This Paragraph purports to state a legal conclusion, to which no response is required. To the extent a response is required, deny.

Except as otherwise explicitly admitted herein, Defendants deny each and every allegation and heading contained in the Amended Complaint, including Plaintiffs' Demand for Relief, the Wherefore clause and paragraphs (a)-(d) of the Demand for Relief, and Plaintiffs' demand for a jury trial, and put Plaintiffs to strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants have not completed their full investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time. Defendants specifically reserve the right to assert additional affirmative or other defenses and/or to modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint or assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, Defendants assert the following affirmative and other defenses.[1]

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

[1] To the extent that the Court certifies Plaintiffs' proposed, putative classes (or any other classes), each of these affirmative and other defenses shall apply to each and every member of that class.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of repose and/or statutes of limitation.[2]

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have voluntarily waived their right to maintain the Complaint and each purported cause of action therein by their own acts, omissions, and/or conduct.

**SIXTH DEFENSE**

Plaintiffs, collectively and individually, consented to, ratified, authorized, and benefited from the acts complained of and for which recovery is sought, which precludes them from recovery.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by modification.

[2] Defendants intend to preserve this defense for any appeal, including to the extent Plaintiffs seek to re-assert claims or legal theories inconsistent with the March 27, 2026 Order.

**EIGHTH DEFENSE**

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this Action as a class action.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any legally cognizable injury or damages as a result of Defendants' conduct.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged damages suffered by Plaintiffs, which Defendants deny, are speculative.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to Plaintiffs.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to make reasonable efforts to mitigate their alleged injury or damage that would have prevented all or part of any such alleged injury or damage.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the March 27, 2026 Order.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants have substantially performed under the terms of the agreements at issue, there was no breach by Defendants in any material respect of any of the terms of the agreements at issue, and/or there was no breach by Defendants of any material terms of the agreements at issue.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs received a reasonable rate of interest on their retirement sweep accounts.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs received a rate of interest reflecting prevailing economic and business conditions.

## SEVENTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, based on the terms of the governing disclosures.

## EIGHTEENTH DEFENSE

Plaintiffs' claim for breach of an implied covenant is barred because it is based upon alleged duties and obligations that are in addition to and/or inconsistent with the express terms of the Master Client Agreement.

## NINETEENTH DEFENSE

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is barred because Defendants did not contravene any of the contracting parties' reasonable expectations.

## TWENTIETH DEFENSE

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is barred because Defendants' alleged conduct was permitted by the terms of the Master Client Agreement.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs lack standing to bring them.

## TWENTY-SECOND DEFENSE

Any alleged harm suffered by Plaintiffs was not directly or proximately caused by any conduct or act of Defendants or by any person or entity whose acts may be attributed to Defendants for any reason.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' own negligent, careless, and/or intentional acts caused and/or contributed to Plaintiffs' alleged injuries and/or damages.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole, or in part, to the extent that they overlap with other actions commenced on their behalf or in which they are or might be members of a class, including, but not limited to, pursuant to the doctrines of collateral estoppel/issue preclusion and/or res judicata/claim preclusion.

## PRAYER

WHEREFORE, Defendants respectfully request that the Court:

A. Deny class certification and strike all class allegations from the Complaint;

B. Render judgment that Plaintiffs take nothing by this suit;

C. Dismiss the Complaint with prejudice;

D. Award Defendants their costs of court and other fees; and

E. Grant any other just and proper relief to which Defendants may be entitled.

Dated: April 24, 2026

*/s/ Brian Weinstein*

**FOLEY & LARDNER LLP**
Michael P. Matthews (FBN 63988)
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Telephone: (813) 229-2300
Facsimile: (813) 221-4210
Email: mmatthews@foley.com

**FAEGRE DRINKER BIDDLE & REATH LLP**
Traci McKee (FBN 53088)
1500 Jackson Street, Suite 201
Fort Myers, FL 33901
Telephone: (239) 286-6900
Facsimile: (239) 244-9053
Email: traci.mckee@faegredrinker.com

**DAVIS POLK & WARDWELL LLP**
Brian Weinstein *admitted pro hac vice*
(lead counsel)
Nicholas D'Angelo *admitted pro hac vice*
Adam M. Greene *admitted pro hac vice*
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Email: brian.weinstein@davispolk.com
Email: nicholas.dangelo@davispolk.com
Email: adam.greene@davispolk.com

Jonathan K. Chang *admitted pro hac vice*
900 Middlefield Road, Suite 200
Redwood City, CA 94063
Tel: (650) 752-2000
Email: jonathan.chang@davispolk.com

*Attorneys for Raymond James Financial Inc., Raymond James & Associates, Inc., Raymond James Financial Services, Inc., Raymond James Financial Services, Advisors, Inc., and Raymond James Trust Company of New Hampshire*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 24, 2026, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF electronic notification system, which will send a notice of electronic filing to all parties of record.

*/s/ Brian Weinstein*
Brian Weinstein